The **CITY OF NEW YORK**, on behalf of itself and its residents, Plaintiff,

v.

The **UNITED STATES** of America et al., Defendants.

No. 72 Civ. 2003.

United States District Court,
S. D. New York.

July 14, 1972.

**152**

J. Lee Rankin, Corp. Counsel, New York City, by Alexander Gigante, Asst. Corp. Counsel, for City of New York.

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., New York City, by Steven J. Glassman, Asst. U. S. Atty., for United States and the Price Commission.

Davis, Polk & Wardwell, Lawrence E. Walsh, G. Wallace Bates, Edward L. Friedman, Jr., Raymond F. Scully, New York City, for N. Y. Telephone Co.

Berle & Butzel, New York City, for Ogden R. Reid, amicus curiae.

## MEMORANDUM

BRIEANT, District Judge.

By an Order to Show Cause issued May 11, 1972, originally returnable on May 23rd and thereafter duly adjourned, Judge *Frankel* of this Court directed the defendants to show cause why an order should not be made restraining in part, the application of the defendant Price Commission's order, issued March 30, 1972, which approved a rate increase for defendant New York Telephone Company. The portion of such Price Commission order sought to be restrained approved increased rates for coin telephone service and hotel guest calls in excess of rates in effect prior to February 3, 1972. Plaintiff seeks, in effect, a rescission and roll-back of the rate increases.

Besides suing in behalf of its residents, under some theory of *parens patriae,* on a question which is concededly of great public interest, the City of New York is itself the user of coin telephones and hotel guest call services, in the case of its employees; particularly policemen and firemen who must call their headquarters from the field, and officials sojourning at Albany or elsewhere who are required to use hotel guest telephones. Thus, the City has a special interest in the subject matter, wholly without regard to whether or not it may sue in behalf of its residents as a class or as *parens patriae,* issues the Court does not reach on this application.

The action is brought pursuant to §§ 210 and 211 of the Economic Stabilization Act of 1970, Title II of Public Law 91–379, 84 Stat. 799, as amended. The pertinent regulations are found at 6 C. F.R. § 300.16.

On February 3, 1972, the Telephone Company instituted an increase in the rates charged for its telephone service generally, including the particular types of service referred to in the complaint. On February 14, 1972, the Price Commission ordered reduction of the rates to the levels in effect prior to February 3, 1972, pending Commission review.

Thereafter, on March 30, 1972, the Price Commission approved increased rates for the Company, which were instituted with respect to coin telephone

calls and hotel guest calls on or about April 28, 1972.

The City contends that the Company failed to comply with reporting requirements contained in 6 C.F.R. § 300.16(d), (e) and (j), and further that the Price Commission acted arbitrarily and capriciously and in excess of its authority, and further that the Price Commission's order was not based on substantial evidence. In a prior action, 72 Civ. 577 (aff'd, June 30, 1972, see p. 12, *supra*), Judge *MacMahon* of this Court has previously denied a preliminary injunction. His Memorandum Opinion is dated March 1, 1972 and reported at 339 F. Supp. 198.

Rate regulation with respect to public utilities, is limited by constitutional and statutory requirements. By statute, in New York, a telephone utility is entitled to rates which shall be "just and reasonable" and shall be made with due regard, among other things, to a "reasonable average return upon the value of the property actually used in the public service." Public Service Law, § 97, McKinney's Consol.Laws c. 48; Matter of N. Y. Tel. Co. v. Public Service Commission, 286 App.Div. 28, 142 N.Y.S.2d 68 (1955), aff'd 309 N.Y. 569, 132 N.E. 2d 847 (1956), cf. Federal Power Commission v. Hope Natural Gas Co., 320 U.S. 591, 64 S.Ct. 281, 88 L.Ed. 333 (1944).

As stated in D.C. Transit System v. Washington Metro. &c Commission, 121 U.S.App.D.C. 375, 350 F.2d 753, at page 778:

> "A 'just and reasonable' rate is one that assures that all the enterprise's legitimate expenses will be met, and that enables it to cover interest on its debt, pay dividends sufficient to continue to attract investors, and retain a sufficient surplus to permit it to finance down payments on new equipment and generally to provide both the form and substance of financial strength and stability. A rate fixed without particularized reference to these needs does not satisfy any standard of rate making of which we are aware, . . . ."

New York has apparently not adopted the "original cost" principle for regulation of telephone utility rates, and therefore may not have asserted its legislative regulation of such rates to the fullest reach of constitutional power. However, if rates of a utility are found, on a record before a state commission to be "just and reasonable", it may well be concluded that any less than the approved earnings would be "confiscatory" and therefore unconstitutional.

Therefore, federal price regulation raises a different and more serious issue of due process when applied to a regulated public utility.

The ordinary vendor of goods or services regulated by the Price Commission has a remedy if he is not satisfied with Price Commission determinations; he may just withdraw from the market. A regulated public utility cannot do this. Matter of N. Y. Tel. Co. v. Public Service Comm., 286 App.Div. 28, 30, 142 N. Y.S.2d 68. It must continue to render services, using the property which it has irrevocably committed to the service of the public. In return for this permanent dedication of its property, a utility is granted the right by statute, having constitutional aspects, to rates which will earn a reasonable (non-confiscatory) rate of return on the value of property actually used and useful in the public service.

Recognizing that the situation of a utility is different [See *e. g.* Vinson v. Washington Gas Light Co., 321 U.S. 489, 64 S.Ct. 731, 88 L.Ed. 883 (1944)], the Price Commission adopted its Regulations § 300.16, which in substance allowed imposition of rate increases by a regulated utility if a (state) regulatory agency had approved the increases. This section also required the public utility, with exclusions not material here, to inform the Price Commission of requests for rate increases, and immediately notify the Commission in writing of any state agency order granting an

increase. The Price Commission reserved the right to review and limit the amount of such increases.

Effective January 17, 1972, the Price Commission posted revisions of Regulations § 300.16, reserving to itself a ten (10) day period of review, and otherwise making minor modifications in the criteria for reviewing public utility rate increases and procedure.

The General Counsel to the Price Commission interpreted these revised regulations as being inapplicable to utility rate increase decisions made prior to its effective date (January 17, 1972).

On January 18, 1972, the defendant Telephone Company officially informed the Price Commission of an Opinion and Order issued on that date, but reporting a decision which had been reached at a session of record, held by the New York Public Service Commission on January 13th. The General Counsel to the Price Commission has expressed the opinion that this filing procedure complied both with the requirements of the December regulations, and the January amendments.

The Public Service Commission of New York certified that the increase complied with the standards established by the Price Commission. It indicated approval of changes to be made in numerous tariffs, calculated to satisfy an additional revenue requirement found by the State Commission in the annual amount of $350.6 million. The Company had previously been permitted temporary rate revisions, subject to refund, which had, since July 9, 1971, provided $190 million, annualized, out of this total.

There was therefore presented to the Price Commission for its review, a state regulatory commission finding, which entitled the Company to an additional $160.6 million revenue increase beyond the revenue increase given on a temporary, or refund basis on July 9, 1971, of $190 million.

The Price Commission ordered the Telephone Company to suspend the revised tariff leaves with respect to these proposed rate increases, as to coin telephone services and hotel guest charges, the matter under litigation here, and also directed deposit of the remainder of the $160.6 million increase (but not the prior increase granted on a temporary basis and subject to refund). This was done by an interim order of the Price Commission dated February 14, 1972.

On March 18, 1972, § 300.16 of the Regulations was again revised, both substantively and procedurally, and on March 30, 1972, the Price Commission approved the increase previously granted by the New York Public Service Commission. It appears that the Price Commission had concluded that the temporary increase granted on a refund basis as of July, 1971, was beyond its jurisdiction. However, the entire increase in revenue requirement had been considered by the Price Commission in rendering its decision, and allowed. While perhaps the internal deliberations of the Price Commission may not be supplied by affidavit, and are not a proper subject of an evidentiary hearing, it would appear obvious that if the Commission, as here, approved the $160 million portion of the increase, a fortiori, it could not have had any objection to the underlying 1971 temporary increase.

■ The entire record of procedures before me do not suggest any likelihood of success on the part of the plaintiff in showing that the actions of the Price Commission were arbitrary, capricious or in excess of that agency's authority, or based on findings not supported by substantial evidence.

This case is not here for a trial on the merits at this point, but rather it is sought to stay or set aside by a preliminary injunction pending trial the decision and order of the Price Commission exercising its emergency powers.

Plaintiff has not nearly approached the threshold issue of showing a reasonable probability of success. If anything, all of the information received on argu-

ment would tend to show that there is very little probability of success.

Neither did the plaintiff meet the requirement that it show irreparable damage. The irreparable damage may well be on the other side, if an injunction is granted. The Court considers obvious the argument made by the utility that changes in rates invariably cause confusion and additional labor charges, and that a roll-back at this time by preliminary injunction, followed by new rates later, would not be in the public interest. All such additional expenses imposed on the Telephone Company, including the expense of this litigation are ordinary operating costs of the utility. Such costs bear directly on the gross revenue requirements, which the Public Service Commission of the State of New York must allow in future consideration of rates.

█ Plaintiff urges that ultimate success on the merits in this litigation will be a "Pyrrhic" victory with regard to the hundreds of thousands of dollars that will be forever lost by those users unless a preliminary injunction now issues. This is not true. The general public uses coin telephones and pays hotel guest charges, and it is the same general public which pays the revenue requirements of this regulated public utility. If it be found that the utility received additional revenue beyond that to which it is lawfully entitled, the Public Service Commission operating under that portion of the statute which has to do with the right of the Company to receive a "reasonable *average* return" (Public Service Law, § 97) may apply such past excess income received if any there be, against the revenue requirements of a future time. The users will receive full benefit of any such excess. This Court must assume that the Public Service Commission of the State of New York will discharge its statutory obligations.

█ This Court believes that this request by a municipality is one of great import, deserving decision on the merits

solely according to the traditional standards concerning irreparable damage and probability of success. However, an additional factor requires denial of this application. By a decision and opinion filed June 30, 1972, after the hearing on the within motion, the Temporary Emergency Court of Appeals of the United States, in two related actions brought against the New York Telephone Company, as to one of which the City of New York is a plaintiff-appellant [The City of New York v. New York Telephone Company (Appeal No. 2–1); Grassroots Action, Inc. and John B. O'Sullivan, individually, and on behalf of all others similarly situated v. New York Telephone Company (Appeal No. 2–2)] held in effect that persons instituting suit to obtain a temporary injunction to enjoin the application of a particular order issued under the "Economic Stabilization Act of 1970" must exhaust their administrative remedies, and further that the available remedy in those cases, as well as in the instant case, is adequate. Such administrative remedy is found in 6 C.F.R. § 300.506 which provides that "Any person who shows that he has a direct interest in any application for a price increase . . . made by any other person or class of persons may submit written data, information, or views to the Price Commission with respect to that application or request." It appears that plaintiff here has failed to exhaust that administrative remedy.

Accordingly, and for the foregoing reasons, the application for preliminary injunctive relief is denied.

The Court appreciates, and has considered the additional arguments submitted by counsel (Berle & Butzel, Esqs.) for the Honorable Ogden R. Reid, Member of Congress, as an *amicus curiae* on the part of the plaintiff.

Whether or not this cause now should be dismissed, in view of the necessity for exhaustion of administrative remedies, seems to be a matter for the sound discretion of the Judge of this Court to

whom assignment for all purposes will soon be effected pursuant to the new calendar rules, and no opinion is expressed with respect thereto.

The foregoing constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Settle order on notice. Notice of settlement shall also be furnished to counsel for the *amicus curiae*.